UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TONY SIMMONS,<br><br>                    Petitioner,<br><br>     vs.<br><br>GARY GREENE,<br><br>                    Respondent. | No. 9:06-cv-00856-JKS<br><br>MEMORANDUM DECISION |

      Petitioner Tony Greene, a state prisoner appearing *pro se*, has petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is currently in the custody of the New York State Department of Corrections incarcerated at the Upstate Correctional Facility. After trial by jury, Petitioner was convicted in the Albany County Court of one count of Murder in the Second Degree (N.Y. Pen, Law § 125.25(1)) and one count of Criminal Possession of a Weapon in the Second Degree (N.Y. Pen. Law § 165.03(2)). Petitioner is currently serving an indeterminate sentence of 25 years to life on the murder conviction concurrently with a determinate sentence of 15 years on the weapons charge. Respondent has filed a response; Petitioner has not filed a traverse.[1]

      Petitioner time appealed his conviction to the Appellate Division, Third Department, which affirmed his conviction on July 28, 2005, and the new York Court of Appeals denied leave to appeal on December 2, 2005. *People v. Simmons*, 799 N.Y.S.2d 311 (N.Y.A.D.), *lv. denied*, 843 N.E.2d 1166 (N.Y. 2005). Petitioner also filed a motion under New York Criminal Procedure law § 440.10 to vacate the judgment in the Albany County Court, which denied the motion on October 7, 2002. The Appellate Division granted leave to appeal and consolidated the two appeals. Petitioner timely filed his petition in this Court on July 14, 2006.

---

[1] Petitioner was granted leave until August 20, 2007, to file his traverse. Docket No. 15.

Because Petitioner filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). Consequently, this Court cannot grant relief unless the decision of the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard). In applying this standard, this Court reviews the last reasoned decision by the state court, *Jones v. Stinson,* 229 F.3d 112, 118 (2d Cir.2000), which in this case was that of the Appellate Division, Third Department, affirming his conviction. In addition, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

To the extent that Petitioner alleges errors of state law, they are beyond the purview of this Court in deciding a petition for federal habeas corpus relief. This Court may only address violations of federal law. 28 U.S.C. § 2254(d); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law. Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (citations and internal quotation marks omitted). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See Engle v. Isaac*, 456 U.S. 107, 128 (1982). It is also presumed that the state court knew and correctly applied state law. *See Walton v. Arizona,* 497 U.S. 639, 653 (1990) *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In his petition before this Court, Petitioner has raised six grounds: (1) the police improperly relied on a tip as to Petitioner's whereabouts that did not have a credible basis; (2) the court improperly concluded that Millwood consented to the police entry to her home; (3) Petitioner did not receive effective assistance of counsel where counsel did not request a hearing to challenge Millwood's consent or request a missing witness charge; (4) Albany County Court wrongfully held Millwood's affidavit recanting her testimony was unreliable in ruling on the

New York Criminal Procedure Law § 440.10 motion; (5) Millwood's affidavit constituted new evidence that should have entitled petitioner to a new trial; and (6) Albany County Court erred in concluding that Millwood's testimony was not necessary at trial.

The salient facts of this case, insofar as relevant to the petition before this Court, are relatively simple. The police were searching for Petitioner who had taken refuge in an apartment occupied by a third party, Millwood. The police, ostensibly with the consent of Millwood, entered Millwood's apartment and arrested Petitioner. After he was arrested, Petitioner made certain inculpatory statements to the police officers that he sought to have suppressed. The Albany County Court denied his motion to suppress the statements. The only issues raised at the suppression hearing before the Albany County Court related to the voluntariness of his statements. Following conviction, Petitioner raised in his § 440.10 motion the issue that Millwood had not in fact consented to entry and his arrest was illegal under *Payton v. New York*, 445 U.S. 573 (1980). Therefore, according to Petitioner, the "fruits" of the illegal search, his inculpatory statements, should be suppressed. In this basic underlying premise, Petitioner is incorrect.

In *New York v. Harris*, 495 U.S. 14, 20–21 (1990), the Supreme Court held:

> To put the matter another way, suppressing the statement taken outside the house would not serve the purpose of the rule that made Harris' in-house arrest illegal. The warrant requirement for an arrest in the home is imposed to protect the home, and anything incriminating the police gathered from arresting Harris in his home, rather than elsewhere, has been excluded, as it should have been; the purpose of the rule has thereby been vindicated. We are not required by the Constitution to go further and suppress statements later made by Harris in order to deter police from violating *Payton*. "As cases considering the use of unlawfully obtained evidence in criminal trials themselves make clear, it does not follow from the emphasis on the exclusionary rule's deterrent value that 'anything which deters illegal searches is thereby commanded by the Fourth Amendment.' " *United States v. Leon,* 468 U.S. 897, 910, 104 S.Ct. 3405, 3413, 82 L.Ed.2d 677 (1984) (citation omitted). Even though we decline to suppress statements made outside the home following a *Payton* violation, the principal incentive to obey *Payton* still obtains: the police know that a warrantless entry will lead to the suppression of any evidence found, or statements taken, inside the home. If we did suppress statements like Harris', moreover, the incremental deterrent value would be minimal. Given that the police have probable cause to arrest a suspect in Harris' position, they need not violate *Payton* in order to interrogate the suspect. It is doubtful therefore that the desire to secure a statement from a

> criminal suspect would motivate the police to violate *Payton*. As a result, suppressing a station house statement obtained after a *Payton* violation will have little effect on the officers' actions, one way or another.
>
> We hold that, where the police have probable cause to arrest a suspect, the exclusionary rule does not bar the State's use of a statement made by the defendant outside of his home, even though the statement is taken after an arrest made in the home in violation of *Payton*. The judgment of the court below is accordingly
>
> *Reversed*.

Even assuming that Millwood did not give consent, the entry into the apartment violated the Fourth Amendment, and Petitioner's arrest were deemed "illegal," Petitioner would not prevail. At no time, including in his petition before this Court, does it appear that Petitioner has challenged that the police officers had probable cause to arrest him. Therefore, under *Harris*, his statements, taken outside the premises, would not be suppressed, and there was no error committed by the state courts in failing to suppress those statements. Assuming Petitioner prevailed on all of those grounds, it would be meaningless because it would not affect the outcome as they are all directed to a single outcome—that the police violated the Fourth Amendment in entering Millwood's apartment. Accordingly, Petitioner is not entitled to relief on his first, second, fourth, fifth, and sixth grounds.[2]

On his third ground, ineffective assistance of counsel, Petitioner also flounders on the *Harris* shoal. To demonstrate ineffective assistance of counsel, Petitioner must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. Petitioner must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different. *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

---

[2] Respondent also argues that these grounds, except for the third, are barred because they are unexhausted or deemed exhausted but procedurally barred. The Court need not reach this issue because the Court may deny the petition on the merits even if the claims are not exhausted. 28 U.S.C. § 2254(b)(2).

Here the failure to make the *Payton* motion, while it might possibly fall within the first *Strickland* prong, certainly does not satisfy the second, prejudice, or the *Hill* test, a reasonable probability that the result would have been different. As noted above, even if a *Payton* hearing had been held, *Harris* would have precluded an outcome favorable to Petitioner: suppression of the inculpatory statements. As to the issue of the "missing witness" charge, as Respondent correctly notes the only testimony the police officers who were also present at the scene of the arrest could have given addressed the issue of consent, which is irrelevant. Petitioner is not entitled to relief under his third ground.

Petitioner is not entitled to relief on any of the grounds raised in his petition.

**IT IS THEREFORE ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted). To the extent the issues raised in the petition were addressed by the Appellate Division, Third Department, in its decision on appeal, no reasonable jurist could find that the decision was "objectively unreasonable." Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

The Clerk of the Court to enter final judgment accordingly.

Dated: March 27, 2008.

s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge